### In re RAFLO.

#### (District Court, E. D. Pennsylvania.   October 29, 1914.)

#### No. 4066.

**1. PAYMENT (§ 17*)—EXECUTION OF NOTE.**

Where a bankrupt executed a note to his landlord for rent in arrears and to accrue, there was no presumption of fact or law that the giving of such note constituted payment, so as to deprive the landlord of his right to enforce payment of the rent by distraint, etc., in the absence of proof that such was the intent of the parties.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 70–77; Dec. Dig. § 17.*]

**2. APPEAL AND ERROR (§ 1017*)—REVIEW—FINDINGS OF REFEREE.**

Findings of fact by a referee establish the fact on review in the District Court, and will not be disturbed in the absence of good reason therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3911, 3981, 3996–4005; Dec. Dig. § 1017.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Jacob Raflo. On petition to review a referee's determination allowing a landlord's claim. Affirmed.

Potter, Dechert & Norris and Sheldon F. Potter, all of Philadelphia, Pa., for landlord.

Gordon A. Block and Clinton O. Mayer, both of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. The facts necessary to an understanding of the question involved in this petition are few and may be soon outlined.

David Mann leased premises at Twenty-Seventh and York streets, in the city of Philadelphia, to Raflo, who is now the bankrupt, for the term of five years from July 1, 1904. The lease was in writing and contained the usual waiver of exemption. On May 10, 1911, the landlord distrained for the rent in arrears up to May 1st; levy being made upon the personal property of the tenant on the leased premises. On

---

May 11, 1911, the petition in bankruptcy was filed. All the goods upon the premises were sold as a whole. The amount of exemption to which the bankrupt was entitled, and to which he laid claim, was set aside to him upon his giving the usual bond. The required bond, in the sum of $300, with the United States Fidelity & Guaranty Company as surety, was filed. On July 5, 1911, the landlord filed a claim for $308.63 for rent alleged to be due him.

On October '22, 1913, the referee entered an order requiring the landlord to exhaust the debtor's exemption before preferring a claim against the general fund. On March 23, 1914, the referee, after the allowance of a rule on the bankrupt and his surety on the bond filed, answer thereto, and hearing thereon, entered an order directing that the sum of $300 be paid by the bankrupt, or by his surety on his default, to the landlord, and that the balance of the landlord's claim be paid out of the general fund. On March 24, 1914, this petition for a review was filed.

[1] To complete the recital of the facts, and to bring out the only question in the case which has been discussed by the referee in his report and by counsel, there should be added a statement that the tenant gave to the landlord a note for $213, covering the rent then in arrears and rent which it was then within the expectation of the parties would subsequently accrue. The note was made for four months, and included also interest for the deferred payment. The note was not paid. Standing upon this fact, the bankrupt takes the position that the debt as an indebtedness for rent had been extinguished, and the landlord thereafter was landlord no longer, but a general creditor as a mere note holder. In substance and essentially this is the defense of payment. In substance and effect it is a plea of payment. This is an affirmative plea, which at the trial must be supported by proof. The burden of proof would be upon the pleader. No presumption of fact or of law that the giving of a check or note for an existing debt is payment arises out of the mere circumstance of the check or note having been given. Whether payment or not is a question of fact.

[2] This is the view taken by the referee, and in this he is right. He has found the fact against the tenant, and this finding establishes the fact for us, unless there is good reason to disturb the findings. No such reason has been presented to us, nor is any suggested by anything appearing in this record. The referee is therefore sustained in this finding.

This disposes of the only question upon which we have been asked to pass. There is, however, the other question of whether the landlord should be paid out of the exemption or the general fund. This question is raised by the pleadings, but has not been referred to by the referee in this report, nor discussed by counsel. It has not been discussed by the referee because already treated by him in the former order. Counsel for the bankrupt makes a passing reference to it in his brief. It is not mentioned by counsel for the landlord, probably for the reason that the question was not raised at the oral argument. We do not feel called upon to dispose of questions not raised.

If it is intended to be raised, counsel has leave to set the case down for reargument within five days; otherwise, petition dismissed, and report and findings of referee affirmed.